MONEY *v.* DOLLISON, REGISTRAR.

(No. 78-4-CVH-23—Decided July 18, 1978.)

Miamisburg Municipal Court.

SHELL, J.   This matter comes before the court on a petition filed by the plaintiff asking why his driving privilege should be suspended; said application is made pursuant to R. C. 4507.40(K). Attorney for the petitioner argues that the Bureau of Motor Vehicles has incorrectly assessed six points for a driving under suspension charge.

The petitioner argues first that the defendant has failed to show by the certified records of the Bureau of Motor Vehicles under which section of the Ohio Revised Code or municipal ordinance the petitioner was convicted

of driving under suspension or revocation. By failing to do so, it has failed in presenting evidence upon which the court could make a determination of proper point assessment.

Second, the petitioner argues that if the court accepts the certified record from the Bureau of Motor Vehicles as a proper record and the Bureau of Motor Vehicles is not required to delineate under which section or sections of the Ohio Revised Code the six points have been assessed, then the petitioner argues that the court in this case should take judicial notice of its own records.

Third, the petitioner argues that if the court takes judicial notice of its own records, it will show that the suspension charge is for violation of R. C. 4509.76. The petitioner further argues that the R. C. 4507.40 point system for motor vehicle violations does not specifically cite R. C. 4509.76 as being a six point violation. Since R. C. 4507.40 does not specifically reflect a six point assessment, the assessment of total points made by the Bureau of Motor Vehicles is not an accurate reflection of the petitioner's total points

The defendant, Bureau of Motor Vehicles, argues that the petitioner was charged under R. C. 4509.76 as a result of the defendant suspending the license of the petitioner for failure to comply with R. C. 4509.31. R. C. 4509.31 requires an individual to provide proof of financial responsibility upon conviction of a charge of driving while under the influence of alcohol. The petitioner was found guilty or plead guilty in Fairborn Municipal Court to the charge of driving under the influence of alcohol; the petitioner failed to provide financial responsibility as required by R. C. 4509.31. The defendant further argues that R. C. 4507.39 is essentially the same as R. C. 4509.76 of which the petitioner herein has been found guilty. The defendant further argues that R. C. 4507.40(G)(1) explicitly states that an individual found guilty of a violation of R. C. 4507.38 or .39 or *any ordinance* (emphasis added) prohibiting the operation of a motor vehicle while the operator's license is under suspension or revocation shall be assessed six points. The de-

fendant further argues that the petitioner has improperly filed for a reversal or modification order in a court lacking jurisdiction. A modification or reversal may only be accomplished by the Court of Common Pleas as set forth in R. C. 4507.26 and .27. The questions presented are:

(1) Can the Bureau of Motor Vehicles prove a point suspension case when the certified record of the bureau fails to show which section under which an individual is assessed points for a driving under suspension?

(2) Does "ordinance" as used in R. C. 4507.40(G)(1) mean all state statutes relating to suspension or revocation?

(3) Does a Municipal Court has jurisdiction to hear a modification or reversal order of the Bureau of Motor Vehicles?

The court finds that the defendant has shown through its certified record that the Bureau of Motor Vehicles has assessed six points for a suspension conviction in the Miamisburg Municipal Court. The certified copy from the Bureau of Motor Vehicles as to the assessment of the points does not designate under which section of the Ohio Revised Code the petitioner was charged. The court further takes judicial notice of the records of its own court and in doing so takes notice that the petitioner entered a plea of guilty of the charge of driving under suspension under R. C. 4509.76. Said plea was entered on the 6th day of February of 1978.

The argument of the petitioner is well taken that the record of the Bureau of Motor Vehicles is uncertain as to the reason for assessing six points. The exhibit presented to the court by the Bureau of Motor Vehicles merely indicates that the petitioner was assessed six points for driving under suspension.

The defendant relies upon the argument that under R. C. 4507.40(G)(1) the words "any ordinance" mean any suspension case; the suspension may be an ordinance of a municipality or a suspension under a section of the Ohio Revised Code other than R. C. 4507.38 and .39. It is the opinion of the court that the statute R. C. 4507.40(G)(1) is

to be strictly construed and the assessment of six points for a violation under R. C. 4507.38 and .39 cannot be extended to any state suspension other than those two sections. Further, the use of the words "any ordinance" as contained in R. C. 4507.40(G)(1) refers to any municipal ordinance which is patterned in the same verbiage and means the same as that type of suspension which exists under R. C. 4507.38 or .39.

If the offense in question were in a court other than the Miamisburg Municipal Court, the court of this action, the defendant would have failed on the face of its record in its showing that the six points had been properly assessed.

The Bureau of Motor Vehicles may suspend an individual's license in one of different methods. Their failure to provide the necessary information on the certified record of the Bureau of Motor Vehicles as to which state or municipal suspension or revocation under which the petitioner was convicted is cause for the Bureau's failure to show sufficient evidence to support a six point assessment. Therefore, without additional information the Bureau would fail in its proof of a valid point suspension.

The court, however, by taking judicial notice of its own records is shown that the suspension charge was under R. C. 4509.76. The review of R. C. 4507.40 does not specifically enumerate that R. C. 4509.76 is a six point violation. R. C. 4509.76 does, however, fall under R. C. 4507.40(G) (12)—all other moving violations pertaining to the operating of a motor vehicle reported under this section except certain other sections would be a two point violation. The court finds that a proper assessment of points for a violation of R. C. 4509.76 would be a two point violation. The record of the petitioner only reflects a total of ten points in existence at this time. The court makes no determination of what is defined as a moving violation in this opinion.

The defendant further argues that the Miamisburg Municipal Court does not have jurisdiction over a reversal of modification of the Registrar of Motor Vehicles. R. C. 4507.40(K) specifically enumerates that a Municipal Court

will have jurisdiction of an individual who has been charged with a total of not less than twelve points within a period of two years from the date of the first conviction within said two year period. Therefore, the Municipal Court does have jurisdiction in this matter.

Therefore, the petition of the plaintiff is well taken and the suspension imposed by the Bureau of Motor Vehicles is not well taken and will be set aside.

*Judgment for plaintiff.*